AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                  Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>JOSEPH GARGIULO | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **1: 17 CR 10186 - 01 - DPW**<br>USM Number:  99752-038<br><br>Charles W. Rankin<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    one of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §922(g)(8) | Prohibited Person in Possession of Ammunition | 08/26/16 | one |

     The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/12/2017
Date of Imposition of Judgment

_Signature_

Signature of Judge

The Honorable Douglas P. Woodlock
Judge, U.S. District Court

Name and Title of Judge

11/28/2017

Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: JOSEPH GARGIULO
CASE NUMBER: 1: 17 CR 10186 - 01 - DPW

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:     time served

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at  _____ ☐ a.m. ☐ p.m.   on  _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 3 — Supervised Release

Judgment—Page  3  of  7

DEFENDANT:    JOSEPH GARGIULO
CASE NUMBER:  1: 17 CR 10186  - 01  - DPW

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :    3    year(s)

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
           pose a low risk of future substance abuse. *(check if applicable)*
4.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___7___

DEFENDANT:   JOSEPH GARGIULO
CASE NUMBER:    1: 17 CR 10186   - 01   - DPW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                         Sheet 3B — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT:   JOSEPH GARGIULO
CASE NUMBER:    1: 17  CR  10186  - 01  - DPW

## ADDITIONAL SUPERVISED RELEASE TERMS

14)  The defendant shall reside at Ellenhorn Treatment Center in Arlington, MA for ongoing intensive inpatient mental health and substance abuse treatment under the direction of the Probation Office. The defendant shall abide by all rules of the facility.

15)  The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs.  The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

16)  The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

17)  The defendant shall comply with directives for taking medication as directed by the mental health treatment provider.

18)  Defendant shall determine his prior tax liability and shall file tax returns and pay any past or future taxes due.

19)  The defendant shall not possess any firearms and firearm parts; ammunition; stun guns; weapons, such as, axes, spears, knives. crossbows, swords and/or throwing stars; precursor chemicals that can be used to make explosive or incendiary compounds; fireworks; body armor; flares;brass knuckles; mace and/or pepper spray.

20)  The defendant shall not enter the geographic exclusion zone in the Town of Medway .

21)  The defendant shall submit to location monitoring equipment as directed by the Probation Office and comply with all of the program requirements and instructions provided.  The defendant shall pay all or part of the cost of the monitoring based on his ability to pay as determined by the Probation Office.

AO 245B (Rev. 11/16)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT:    JOSEPH GARGIULO
CASE NUMBER:    1: 17 CR 10186  - 01  - DPW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page _____7_____ of _____7_____

DEFENDANT:   JOSEPH GARGIULO
CASE NUMBER:   1: 17 CR 10186   - 01   - DPW

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $ ___100.00___ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10186-DPW |
| | ) | |
| JOSEPH GARGIULO, | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**WOODLOCK, D.J.**

WHEREAS, on June 15, 2017, the United States Attorney for the District of Massachusetts filed a one-count Information, charging defendant Joseph Gargiulo (the "Defendant"), with Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(8) (Count One);

WHEREAS, the Information also included a Firearm Forfeiture Allegation, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture of any firearm or ammunition involved in or used in any knowing commission of the offense, and the property to be forfeited included, but was not limited to, the following:

      (a)     253 rounds of 5.56 millimeter ammunition manufactured by Lake City Ammunition; and

      (b)     100 rounds of 9 millimeter ammunition manufactured by Blazer

(collectively, the "Ammunition");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third

party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c);

WHEREAS, on July 12, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on July 12, 2017;

WHEREAS, in Section 8 of the plea agreement, the Defendant admitted that the Ammunition was subject to forfeiture on the grounds that the Ammunition was involved in the Defendant's offense charged in Count One of the Information;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Ammunition and the offense to which the Defendant pled guilty, and accordingly, the Ammunition is subject to forfeiture to the United States pursuant to pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Ammunition and the offense to which the Defendant pled guilty.

2

2.    The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.    Accordingly, all of the Defendant's interests in the Ammunition are hereby forfeited to the United States of America for disposition pursuant to pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

4.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Ammunition and maintain it in its secure custody and control.

5.    Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Ammunition.

6.    Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Ammunition to be forfeited.

7.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Worcester, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of

3

perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Ammunition, any additional facts supporting the petitioner's claim, and the relief sought.

8.    Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Ammunition.

9.    Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

DOUGLAS P. WOODLOCK
United States District Judge

Dated: November 28, 2017

4